United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHARLES WANG, | |
| Petitioner, | No. C 10-5823 PJH (PR) |
| vs. | **ORDER OF DISMISSAL; DENIAL OF CERTIFICATE OF APPEALABILITY** |
| S. SMITH, et al, | |
| Respondents. | |

This is a habeas case brought by a person on parole for a state conviction. *See* 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper in this district because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

The petition is directed to a conviction in Santa Clara County. Petitioner alleges that he was sentenced on September 14, 2006, to eighty days in jail and three years of probation. He says in the petition that the offense was "FF405914," which is not a California Penal Code number, but reference to the appellate opinion in his case establishes that he was convicted of inflicting corporal injury on a spouse, a violation of section 273.5 of the California Penal Code. *See People v. Wang*, 2007 WL 2177900 at *1 (Cal. App. 2007).

The California Court of Appeal affirmed his sentence as modified. *Id.* He alleges that he pursued the appeal to the Supreme Court of California, and lists the result as "mail lost (also 2010, dismissed)." Pet. at 3. He says that he presently has "[h]abeas petitions, also appeal in US Court of Appeal" pending. *Id.* at 5.

**DISCUSSION**

**A.     Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A habeas petition may be dismissed summarily "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing Section 2254 Cases; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.     Discussion**

Petitioner says that he has a state habeas petitions now pending, as well as an appeal before the United States Court of Appeals for the Ninth Circuit.  The Ninth Circuit has held that the appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal petition is filed, not when it comes on for hearing in the district court or court of appeals, so the court has gone by the allegations of the petition in entering this order.  *See Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999), *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

The Ninth Circuit has held unequivocally that the exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court in another context.  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).  This is because the pending state action might result in reversal of the conviction on some other ground, mooting the federal case.  *Id.*  This is true not only in the *Sherwood* fact pattern, where although a direct appeal was pending the federal issues had been decided by the state courts via another procedural route, but also to this fact pattern, in which a state postconviction proceeding is pending.  *See Schnepp v. Oregon*, 333 F.2d 288 (9th Cir. 1964).  Although *Younger*

abstention[1] might seem a better rationale for this requirement than exhaustion, *see Phillips v. Vasquez*, 56 F.3d 1030, 1038-39 (9th Cir. 1995) (concurring opinion), the court is nevertheless required to follow *Sherwood*.

The petition must be dismissed without prejudice to refiling it when no further proceedings are pending in other courts. *See Sherwood*, 716 F.2d at 634 (if state court action is pending, claims are not exhausted).

## CONCLUSION

For the reasons set out above, the petition is **DISMISSED** without prejudice.

A certificate of appealability is **DENIED** because jurists of reason would not find the court's ruling debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If petitioner wishes to appeal this ruling, he must file a timely notice of appeal and ask the United States Court of Appeals for the Ninth Circuit to grant a certificate of appealability. *See* R.App.P. 22(b)(1).

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 8, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\WANG5823.dsm.wpd

---

[1] *Younger v. Harris*, 401 U.S. 37, 54 (1971).